Brewer, adm'r, *vs.* Ainsworth.

---

JOHN C. BREWER, administrator, etc., plaintiff in error, *vs.*
WILLIAM AINSWORTH, defendant in error.

1. It is error to dismiss an attachment on the ground that the sum sworn
to is greater than that proved to be due on the trial.

Attachment, in Heard Superior Court, and decision thereon
by Judge DENNIS F. HAMMOND, at the September Term,
1860.

On the 25th of September, 1858, John C. Brewer, as
administrator, with the will annexed, of George W. Garrett,
deceased, sued out an attachment *pendente lite*, against the
property of William Ainsworth, returnable to the February
Term, 1859, of Heard Superior Court.   The affidavit upon
which the attachment issued alleged an indebtedness by the
defendant to the plaintiff of $400 00, by note, dated 19th
February, 1855, and due one day after date for that amount·

Upon this attachment a declaration was regularly filed,
and when the cause came on for trial, the plaintiff offered in
evidence the note upon which the suit and the attachment
were founded, which note had a credit endorsed thereon of
$44 07, dated the 13th August, 1855, and also a credit of
$292·26, dated 17th July, 1856.

Counsel for defendant objected to the introduction of the

note in evidence, on the ground that in the affidavit of the plaintiff $400 00 was claimed as the principal sum due, whilst the note tendered in evidence showed that the same was credited with the sum of $336 33 at the time the affidavit was made.

The Court sustained the objection, rejected the note, and dismissed the attachment. That decision is the error alleged.

C. W. MABRY, for plaintiff in error.

W. B. THOMASSON, *contra.*

*By the Court*—LUMPKIN, J., delivering the opinion.

It will not do to lay down the rule that because the plaintiff in attachment fails to recover the amount sworn to be due, his attachment shall be dismissed, and yet we can not stop short of this if we sustain the motion to dismiss in this case.

If the plaintiff swears to too much, he might be prosecuted on the criminal side of the Court, or sued for levying an excessive attachment, and this, we apprehend, will be a sufficient check.

Let the judgment be reversed.